MH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Charles Hopes, Jr., | No.    CV-26-00084-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

On February 10, 2026, Plaintiff Robert Charles Hopes, Jr., who is confined in the Central Arizona Florence Correctional Complex, filed a pro se civil rights Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). On March 20, 2026, Plaintiff filed a Motion for Appointment of Counsel (Doc. 5). One month later, he filed a Motion for Injunctive Relief (Doc. 6). The Court will deny the deficient Application to Proceed and give Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis. Plaintiff's Motion for Appointment of Counsel and Motion for Injunctive Relief will also be denied.

## I.    Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement (or institutional equivalent) for the

JDDL

six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period.  *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4). The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

**II.    Application Fails to Comply With Statute**

Plaintiff has used the court-approved form, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed, and Plaintiff has failed to submit a certified six-month trust account statement (or institutional equivalent).[1]  In light of these deficiencies, the Court will deny the Application to Proceed and will give Plaintiff 30 days to either pay the $405.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

**III.    Motion for Appointment of Counsel**

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his

---

[1] Although Plaintiff attached a printout of his inmate account statement, this printout is not certified by an authorized officer of the institution and does not show deposits and average monthly balances, as required.

JDDL

claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

## IV.   Motion for Injunctive Relief

In his Motion for Injunctive Relief, Plaintiff seeks an order requiring Defendant CoreCivic to thoroughly clean and sanitize cells "before any and every occupant or resident is moved in or out."

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff has failed to address the foregoing factors and has not shown that he is likely to suffer irreparable harm in the absence of the requested relief. The Motion for Injunctive Relief will therefore be denied.

## V.   Warnings

### A.   Address Changes

If Plaintiff's address changes, he must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2), Motion for Appointment of Counsel (Doc. 5), and Motion for Injunctive Relief (Doc. 6) are **denied**.

(2)     Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $55.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement (or institutional equivalent).

(3)     If Plaintiff fails to either pay the $350.00 filing fee and $55.00 administrative fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

Dated this 26th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

JDDL

- 4 -

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $55.00 administrative fees for a civil action.   If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $405.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $405.00 filing and administrative fees, you can file the action without prepaying the fees.   However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.   The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $55.00 administrative fee).   Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.   The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis.   This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance.   For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint.   You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.   If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.   If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

Revised 12/1/23

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
    ☐Yes   ☐No   If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

1

Revised 12/1/23

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                      ☐Yes          ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____          _____
                DATE                                                SIGNATURE OF APPLICANT

## ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:

(A)   the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)   the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full.     I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously.     Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____          _____
                DATE                                                SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)
The applicant's trust account balance at this institution is:                          $_____
The applicant's average monthly deposits during the prior six months is:      $_____
The applicant's average monthly balance during the prior six months is:       $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE                AUTHORIZED SIGNATURE          TITLE/ID NUMBER                INSTITUTION

2

Revised 12/1/23